Rit.t.tb J. Staley, Jr., J.
This is a motion for an order vacating and setting aside the decree of divorce entered herein on the 22nd day of September, 1947. The motion is macle on the ground that the plaintiff and defendant, after the entry of the inter *125 loeutory decree and before the decree became final, cohabited as husband and wife.
The action for divorce was commenced on May 11, 1946 and on May 20, 1946 the defendant enlisted in the military service of the United States. The defendant was at this time represented by counsel. On August 12, 1947, the defendant appeared personally and waived the provisions of the Soldiers’ and Sailors’ Civil Belief Act (U. S. Code, tit. 50, Appendix, § 501 et seq.) and consented that the decree of divorce be entered. By stipulation dated September 19, 1947, the appearance of the counsel for defendant was withdrawn. The decree was entered on the 22nd day of September, 1947 and became final on the 22nd day of December, 1947. The plaintiff opposes this motion and denies the alleged cohabitation prior to the decree becoming final. It is now 13 years since the decree became final and the defendant pleads a fraud upon the court.
I am of the opinion the defendant is not precluded from making this motion by the provisions of section 528 of the Civil Practice Act. With full knowledge of all the facts, and having consented to the entry of the decree, I am of the opinion that the defendant, irrespective of the provisions of the Civil Practice Act, is guilty of gross loches in making this motion, and the motion should be denied for that reason, if for no other. (Gioia v. Gioia, 245 App. Div. 373; Furst v. Furst, 191 Misc. 699, revd. 275 App. Div. 991,)
All the affidavits presented by the defendant indicate that if any fraud were perpetrated in this case, it was perpetrated not upon the defendant but upon the court. He is in his present predicament by reason of his own participation in the fraud of which he now complains. He now asks this court to relieve him from the effects of this decree granted 13 years ago upon the ground that he as well as the plaintiff failed to disclose or advise the court prior to the time the decree became final that the plaintiff had forgiven him and that they were residing together as man and wife. He was a willing party to the perpetration of the fraud upon the court but because the plaintiff decided to marry again, he proclaims the fraud and asks the court to set aside a decree entered against him.
The defendant is not in a position to invoke the aid of the court to relieve him from a situation in which, according to his affidavits, he has been placed by his own participation in the fraud of which he now complains. If relief against fraud on the court is to be granted in a case such as this, it should be by suit of the State and not at the behest of a party to the fraud.
*126 In the ease of Furst v. Furst (supra) the defendant made a motion to .dismiss a judgment of divorce obtained by her husband on the ground that the divorce had originally been obtained by the connivance of the defendant in privity with the plaintiff in manufacturing the evidence upon which the judgment of divorce by default was granted. The defendant’s motion was granted by the Special Term and later reversed by the Appellate Division on the authority of Gioia v. Gioia (245 App. Div. 373, supra). In commenting* on the Furst case in the decision of Imbrici v. Madison Ave. Realty Corp. (199 Misc, 244, 245) it was stated as follows: “ In regard to violation of public policy, Professor Simpson, prior to the reversal, in commenting on the Special Term decision in Furst v. Furst (supra) in ‘ Survey of New York Law, 1947-1948 ’ (N. Y. U. L. Q. Rev., Nov., 1948, pp. 844^845) stated that if relief in equity against fraud in the court is to be granted to protect the public policy of the State, it should be by suit of the State and not at the behest of a party to the fraud, stating: ‘ If it were to stand, every divorce granted in New York could be attacked by the divorced spouse long after the fact, on the mere allegation of collusion. The weapon for blackmail thus thrust into the hands of unbalanced men and women may well prove to be a serious matter. ’ ”
The public policy of the State in respect to marriage and divorce was before the court when the decree was entered and before it became final. It was the duty of the defendant to call this alleged cohabitation, if it existed, to the attention of the court within the time limited by law. Beyond this a claim that the policy of the State is affronted does not give the defendant any further rights. Defendant’s motion is denied, without costs.